IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL PAPER CO. <br><br> Defendant. | CIVIL ACTION NO. <br><br> COMPLAINT <br><br> **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael Pennington who was adversely affected by such practices. As alleged with greater particularity in paragraphs 13-24 below, Defendant discriminated against Mr. Pennington by failing or refusing to accommodate his disability, Attention Deficit/Hyperactivity Disorder ("ADHD"), and subsequently failing or refusing to hire him because of his disability in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1).

4.      At all relevant times, Defendant International Paper has continuously been doing business in the State of Texas and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.      At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty (30) days prior to the institution of this lawsuit, Michael Pennington filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8.      On August 16, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On February 4, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least April 2020, Defendant has engaged in unlawful employment practices at its Grand Prairie, Texas location, in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq.*, by failing or refusing to accommodate Michael Pennington's disability, ADHD, and subsequently failing or refusing to hire Mr. Pennington because of this disability.

14. Michael Pennington is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). At all relevant times, Mr. Pennington has had an impairment, ADHD. Mr. Pennington's ADHD substantially limits him in the major life activities of thinking, concentrating, sleeping, and speaking.

15. In or around April 2020, Michael Pennington applied and interviewed for an entry-level position at Defendant's facility in Grand Prairie, Texas. On or around April 6, 2020 Defendant extended Mr. Pennington an offer of employment conditioned upon successful completion of, among other things, a medical examination and drug test. Mr. Pennington

subsequently filled out various documents in advance of the medical examination and drug test and disclosed both his disability and the medication he is prescribed for treatment of that disability (Adderall). Adderall is an amphetamine. Mr. Pennington also signed documents that authorized Defendant to contact his treating physician about his medical history and his prescription medication. Finally, Mr. Pennington told the medical professionals who administered the medical examination and drug test about his ADHD diagnosis and that he was taking prescription Adderall. These medical professionals told Mr. Pennington that neither would create a problem for his hire.

16. Mr. Pennington's drug test result was generated on or around April 13, 2020 and was reviewed by a Medical Review Officer. The test showed a positive result for amphetamines. After the Medical Review Officer communicated the test results to Defendant, Defendant's Human Resources Specialist contacted Mr. Pennington and notified him that his conditional offer of employment was being rescinded because he did not successfully pass the drug screen.

17. On or around April 16, 2020 Mr. Pennington emailed Defendant's Human Resources Specialist and provided her with the phone number for his physician. He also expressed his understanding that withdrawing a job offer because of a prescription was discrimination prohibited by the Americans with Disabilities Act. Mr. Pennington also called Defendant's Ethics Hotline to report his concern.

18. Following Mr. Pennington's email and hotline call, Defendant's Human Resources employees discussed Mr. Pennington's request to submit a doctor's note evidencing his prescription for an amphetamine. Ultimately, Defendant upheld its decision to rescind Mr. Pennington's offer of employment based on the results of his pre-employment drug test.

19. Defendant did not make any contact with Mr. Pennington's physician as part of the review of Mr. Pennington's drug test results.

20. Defendant did not provide the Medical Review Officer who reviewed Mr. Pennington's drug test results with contact information for either Mr. Pennington or Mr. Pennington's treating physician.

21. Defendant did not provide Mr. Pennington with contact information for the Medical Review Officer who reviewed Mr. Pennington's drug test results.

22. Defendant did not otherwise engage in any discussion with Mr. Pennington about his disability or the prescription medication he was taking despite Mr. Pennington's efforts to communicate with Defendant about both.

23. Defendant failed or refused to accommodate Mr. Pennington's disability during the hiring process in violation of the ADA. Mr. Pennington sought the reasonable accommodation of an exemption from Defendant's substance abuse policy based on his prescription for Adderall, an amphetamine, for treatment of his disability. Defendant denied this request and rescinded Mr. Pennington's conditional offer of employment.

24. The decision not to hire Mr. Pennington was based on Mr. Pennington's disability, ADHD, in violation of the ADA.

25. The unlawful employment practices complained of in paragraph 13-24 above were intentional.

26. The unlawful employment practices complained of in paragraph 13-24 above were done with malice or with reckless indifference to the federally protected rights of Michael Pennington.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from refusing to reasonably accommodate any individual with a disability, from basing any employment decision on an employee's disability status, and from retaliating against any individual for engaging in an activity protected under the ADA.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Mr. Pennington, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or front pay in lieu thereof.

D. Order the Defendant to make Mr. Pennington whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses.

E. Order the Defendant to make Mr. Pennington whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

F. Order the Defendant to pay Mr. Pennington punitive damages for its malicious or reckless conduct described above in amounts to be determined at trial.

G.	Grant such further relief as the Court deems necessary and proper in the public interest.

H.	Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Brooke E. López
BROOKE E. LÓPEZ
Texas State Bar No. 24125141

MEAGHAN L. KUELBS
Texas State Bar No. 24105277

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3597
(FAX) (214) 253-2749