IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL PAPER CO. <br><br> Defendant. | CIVIL ACTION NO. <br> 3:22-cv-00810-B |

## ORDER APPROVING CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between Plaintiff, United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and Defendant, International Paper Co. ("Defendant"). This Consent Decree resolves the claims of EEOC in the above-referenced Civil Action No. 3:22-cv-00810-B. EEOC initiated its lawsuit under Title I of the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Michael Pennington ("Mr. Pennington"), who was adversely affected by such alleged unlawful practices. More specifically, EEOC filed this lawsuit alleging Defendant discriminated against Mr. Pennington in violation of the ADA by failing or refusing to grant a reasonable accommodation and failing or refusing to hire him because of his alleged disability, Attention Deficit Hyperactivity Disorder.

EEOC and Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. EEOC's Complaint states claims which, if proved, would authorize this Court to grant relief against Defendant.

2. This Consent Decree resolves all issues raised in Charge No. 450-2020-03895 and EEOC's Complaint. Plaintiff waives further litigation of all issues raised in its Complaint. Defendant does not admit to the claims made by Mr. Pennington or EEOC. EEOC expressly reserves its right to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

3. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, shall not engage in any employment practice that discriminates on the basis of disability with respect to recruitment, reasonable accommodation, or hiring, and Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the ADA or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

4.  The duration of this Consent Decree shall be two (2) years from its effective date. The effective date of this Consent Decree will be the date when it is signed and filed by the Court. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree.

5.  Defendant agrees to pay to Mr. Pennington the full and final sum of $65,000.00 in compromise and satisfaction of all claims. The parties agree that $19,500.00 is designated as lost wages and Defendant will issue a W-2 to Mr. Pennington for that amount. The remaining total of $45,500.00 shall be accompanied by an IRS Form 1099 MISC as damages recoverable under 42 U.S.C. §1981(a) of the Civil Rights Act of 1991, for non-wage, non-pecuniary compensatory damages, for which there shall be no withholdings or deductions by Defendant. Payment shall be mailed directly to Mr. Pennington at the address provided to Defendant by EEOC. A copy of the settlement checks and any accompanying transmittal documents will be forwarded to EEOC to the attention of Brooke López, Equal Employment Opportunity Commission, 207 S. Houston Street, Third Floor, Dallas, TX 75202. The payments shall be made within thirty (30) days after the effective date of this Consent Decree, or within thirty (30) days after Defendant receives the Release attached as Exhibit B signed by Mr. Pennington. Defendant agrees to report to EEOC within thirty (30) days of entry of this Consent Decree regarding its compliance with this paragraph.

6.  Defendant shall post a copy of the notice attached to this Consent Decree as Exhibit A and shall post its policy against disability discrimination, and its duty to accommodate applicants and employees, on all bulletin boards at Defendant's Grand Prairie, Texas facility where notices to employees are posted in the ordinary course of business. The notice shall be posted within ten

(10) days of the effective date of this Consent Decree. Additionally, Defendant will provide a hardcopy or a digital copy of Exhibit A to all applicants for employment at the Grand Prairie, Texas facility within ten (10) days of such applicants being extended a conditional offer of employment with Defendant for the duration of this Agreement. Defendant will, within fourteen (14) days of the effective date of this Consent Decree, send a written report to EEOC confirming that Exhibit A was posted and is being provided to applicants who are extended conditional offers of employment in compliance with this Consent Decree.

7. For each year that the Consent Decree is in effect, Defendant agrees to conduct an annual training session for all human resources personnel who are responsible for handling employee requests for reasonable accommodation at Defendant's Grand Prairie, Texas facility advising them of the requirements and prohibitions of the ADA, the details of the company's policy on disability discrimination and reasonable accommodations for employees and applicants, how to handle applicant and employee requests for accommodation during the drug screening process, and the company's procedure for responding to complaints of discrimination. This training shall include a thorough discussion about the company's policy on handling requests for reasonable accommodation for applicants and employees, the persons who should be notified when such requests are received, the time frame in which such requests should be processed, and the steps to be taken when evaluating such a request. This annual training will also advise participants of the consequences that may be imposed upon Defendant for violating the ADA and the appropriate method for investigating claims of discrimination made by applicants and/or employees. The training shall be conducted as a session of no less than one (1) hour.

Defendant shall furnish to EEOC at least thirty (30) days prior to the date of scheduled training a written report describing the training sessions, identifying the instructors, and describing

all instructors' qualifications to conduct the training. Within thirty (30) days of the training session(s), Defendant will send EEOC a written verification that the training was completed. All persons attending the training shall acknowledge their attendance at that training by signing an attendance form. Defendant shall maintain attendance rosters for each year that the Consent Decree is in effect and provide copies of said rosters to EEOC annually.

8. Within sixty (60) days after the effective date of this Consent Decree, Defendant shall verify to the EEOC that all applicants at the Grand Prairie, Texas facility who are required to submit to drug testing are provided, in advance of or at the time of such testing, with the contact information for Defendant's drug testing vendor, Sterling, and the Defendant's Human Resources department in the event that they require a reasonable accommodation of a disability in the context of the drug testing process.

9. EEOC, for the term of this Consent Decree, shall have the right to ensure compliance with the terms of this Consent Decree and may (a) conduct inspections of Defendant's Grand Prairie, Texas facility; (b) interview Defendant's employees at Defendant's Grand Prairie, Texas facility; and (c) examine and copy relevant documents at Defendant's Grand Prairie, Texas facility. If Defendant fails to tender payment or otherwise fails to timely comply with the terms of the paragraphs above, Defendant shall, as applicable:

   a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

   b. Bear any additional costs incurred by EEOC caused by the non-compliance or delay of Defendant.

10. All reports to EEOC required by this Consent Decree shall be sent to EEOC to the attention of Brooke López, Equal Employment Opportunity Commission, 207 S. Houston Street, Third Floor, Dallas, TX 75202.

11. Neither EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Consent Decree shall be construed to preclude EEOC from enforcing this Consent Decree in the event that Defendant fails to perform the promises and representations contained herein. EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with the Consent Decree.

12. Each party shall bear its own costs, including attorneys' fees incurred in this action.

AGREED AS TO FORM AND SUBSTANCE:

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

*Robert A. Canino*
_____
ROBERT A CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Brooke E. López
BROOKE E. LÓPEZ

Texas State Bar No. 24125141

MEAGHAN L. KUELBS
Texas State Bar No. 24105277

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (972) 918-3597
(FAX) (214) 253-2749

**ATTORNEYS FOR PLAINTIFF**

/s/ Talley R. Parker
Talley R. Parker
Texas Bar No. 24065872
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
(TEL) 214-520-2400
(FAX) 214-520-2008

**ATTORNEYS FOR DEFENDANT**

SO ORDERED.

SIGNED: September 27, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES

**THIS NOTICE IS BEING POSTED PURSUANT TO AN AGREEMENT BETWEEN INTERNATIONAL PAPER CO. AND THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

This NOTICE is being posted pursuant to a Consent Decree between International Paper and the Equal Employment Opportunity Commission ("EEOC"), based upon a Charge of Discrimination alleging disability discrimination under the Americans with Disabilities Act, as amended ("ADAAA"). This NOTICE will be conspicuously posted for a period of two (2) years at this facility in all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's disability with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee who files a charge of discrimination, or who cooperates with the government's investigation of a charge.

An employer cannot discriminate against qualified applicants and employees on the basis of disability. Under the ADAAA, an <u>individual with a disability</u> is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment or (c) is regarded as having such an impairment. The ADAAA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

| | |
|---|---|
| * application | * promotion |
| * testing, including drug testing | * medical examinations |
| * hiring | * layoff/recall |
| * assignments | * termination |
| * evaluation | * compensation |
| * disciplinary actions | * leave |

Further, under the ADAAA an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it can show that the accommodation would cause an undue hardship on the operation of its business. Some examples of reasonable accommodation include:

- Use of leave for medical treatment related to an employee's disability;
- Making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- Job restructuring;
- Modifying work schedules;
- Reassignment to a vacant position;

- Acquiring or modifying equipment or devices; and
- Providing qualified readers or sign language interpreters.

An employee has the right and is encouraged to exercise that right to report allegations of discrimination in the workplace. An employee may do so by notifying International Paper's Helpline at 1-800-443-6308. Employees who do not wish to call the Helpline may instead report to any supervisor or manager. Supervisors and managers who are informed of a complaint or allegation of discrimination must immediately notify Human Resources. An employee, either alternatively or in addition to reporting such an allegation to company officials, may contact the Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the nearest EEOC office is 207 South Houston Street, Third Floor, Dallas, Texas 75202; (972) 918-3649.

Any report of discrimination will be thoroughly investigated, with appropriate disciplinary action, up to and including termination, be taken against any person(s) found to have engaged in such conduct.

THIS NOTICE WILL REMAIN POSTED FOR A PERIOD OF TWO (2) YEARS AND NOT BE ALTERED, DEFACED, OR COVERED BY ANY OTHER MATERIAL.

9/21/2022
Date

Dana L. Armstrong
International Paper Co.

**EXHIBIT B**

**GENERAL RELEASE AGREEMENT**

I, Michael Pennington, in consideration for the gross amount of $65,000, payable to me by International Paper Co., in connection with the resolution of *EEOC v. International Paper Co.*, Case No. 3:22-cv-00810 (N.D. Tex.), waive my right to recover for my claims of disability discrimination arising under the Americans with Disabilities Act that I had against International Paper Co. prior to the date of this release and that were included in the claims alleged in EEOC's Complaint in the referenced lawsuit.

Date: 9/20/22

Signature: *Michael Lee Pennington*
Michael Lee Pennington (Sep 21, 2022 00:23 CDT)